IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ERIC N. MARTIN,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | **CIVIL ACTION NO.** |
| v. | § | 3:23-cv-01815 |
| | § | |
| **SPHERE 3D CORP. and HVE INC.** | § | |
| **D/B/A UNIFIED CONNEXIONS** | § | |
| | § | |
| Defendants. | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

### I.
### INTRODUCTION

Eric N. Martin ("Plaintiff") files this Original Complaint against Sphere 3D Corp. and HVE Inc. d/b/a Unified ConneXions (collectively "Defendants").

### II.
### PARTIES

1. Plaintiff is an individual and a citizen of Ellis County, Texas.

2. Defendant Sphere 3D Corp. ("Sphere") is a corporation organized under the laws of Canada with its principal place of business located at 1348 W. Hwy. 287 Bypass, Suite 300, Waxahachie, Texas 75165.  This Defendant may be served with process, including summons and a copy of this lawsuit, by serving its registered agent for service of process, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

3. Defendant HVE, Inc. d/b/a Unified ConneXions ("HVE") is a corporation organized under the laws of the state of Delaware with its principal place of business located at 1348 W. Hwy. 287 Bypass, Suite 300, Waxahachie, Texas 75165.  This Defendant may be

served with process, including summons and a copy of this lawsuit, by serving its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## III.
## JURISDICTION

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1440 and 28 U.S.C. § 1331. Specifically, the claims are brought under The Employee Retirement Income Security Act of 1974 ("ERISA").

## IV.
## VENUE

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in Ellis County, and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Ellis County.

6. Ellis County lies within the Dallas Division of the Northern District of Texas, as set forth in 28 U.S.C. § 124(a)(1)/124(c)(3).

## V.
## BACKGROUND FACTS

7. Plaintiff worked for Defendants as a Systems Engineer from December 14, 2020, until he was wrongfully terminated on March 6, 2023 (effective April 28, 2023).

8. As a salaried, exempt employee of Defendants, Plaintiff was enrolled in Defendants' self-funded medical reimbursement plan.

9. Under Defendants' self-funded medical reimbursement plan, Plaintiff would receive medical benefits for himself and his family.

10. Plaintiff had increased medical claims on the medical plan starting in 2021 due to health conditions of himself and his family.

11. Following these increased claims, Chuck Allsup (Senior Director of Managed Services) started treating Plaintiff poorly, micromanaging him, scrutinizing him, and harassing him.

12. Plaintiff complained of this treatment to Chris Cunningham (Senior Vice President/Human Resources), to which Mr. Cunningham responded that Plaintiff could quit if he did not like the way he was being treated.

13. Following the influx of medical claims, Plaintiff's mileage reimbursement was decreased, and he was denied raises and bonuses because he was "too expensive," which Plaintiff understood to be a reference to his medical bills from his surgery.

14. In a survey conducted by Defendants in September 2022, Plaintiff expressed his concerns that he had been putting in more hours than expected and had not received a pay raise.

15. Plaintiff also expressed in this survey that with no pay raise, no retirement, or no promotion to get more money, he felt like he was being told he needed to get another job.

16. Plaintiff required neck surgery in October 2022.

17. Plaintiff was out of work for two days for the surgery and then had to work remotely for 3-4 weeks during his recovery.

18. In a conversation with a co-worker after his surgery, Plaintiff was warned that Mr. Cunningham did not like employees who had large claims on the company's insurance.

19. In December 2022, Plaintiff started receiving several denials for the claims related to his surgery.

20. Plaintiff reached out to the Claims Administrator, American Trust Administrators, Inc. to try to determine the reason behind the denials or delayed payments.

21. Plaintiff was told by the Claims Administrator that his claims were added to a "large case review" and that his medical records and additional information was being requested from his provider.

22. Plaintiff completed the paperwork that was required of him for this review process.

23. Plaintiff learned that his claims were being denied under code N179, which is "additional information has been requested from the member. These charges will be reconsidered upon request of that information."

24. The use of code N179 was not a true denial of the claim; instead, it was delayed processing pending the required approval of Mr. Cunningham to pay the claim.

25. Plaintiff had numerous conversations or email exchanges with Mr. Cunningham, Joseph O'Daniel (President), Dillon Laney (Senior Director of Managed Services), Mike Rogger (Direct Supervisor), and Ashley Haight (Office Secretary) about the delay or non-payment of over $200,000 in insurance claims.

26. On February 18, 2023, Plaintiff filed a complaint with the Texas Department of Insurance related to his unpaid claims.

27. On February 21, 2023, the Texas Department of Insurance advised Defendants of the complaint filed and provided 25 days to respond.

28. On February 28, 2023, Plaintiff emailed Mr. Cunningham that he would be seeking advice from the insurance board regarding his outstanding medical bills.

29. Mr. Cunningham reassured Plaintiff that he would call the insurance that morning to see what was going on.

30. Mr. Cunningham was aware at the time of this representation to Plaintiff that the claims were actually being held up because he had not approved them.

31. That same day, Plaintiff contacted the Department of Labor.

32. On March 3, 2023, Plaintiff again emailed Mr. Cunningham about outstanding medical bills that had not yet been paid after he learned from the Claims Administrator that Mr. Cunningham was the one who was responsible for holding up his claims.

33. That same afternoon, an emergency meeting was called with Mr. Rogger, Mr. O'Daniel, and Mr. Laney to discuss Plaintiff's employment.

34. In that meeting, Mr. Laney told Mr. Rogger they were going to terminate Plaintiff's employment and planned to tell Plaintiff that it was because he did not know networking.

35. Networking was not part of Plaintiff's job as a Systems Engineer but Plaintiff had been helping with networking and providing support for IT.

36. Plaintiff and several employees had previously requested training on networking and finally started that training in December 2022.

37. Plaintiff was ahead of the other employees in the network training at the time of his termination.

38. On March 6, 2023, Mr. Laney notified Plaintiff of the termination and told him that his termination would be effective April 28, 2023.

39. Plaintiff spoke with Felicia Justice at the Department of Labor that same day.

40. On March 8, 2023, Felicia Justice contacted Mr. Cunningham to discuss Plaintiff's unpaid claims.

41. The next day, the Claims Administrator updated Plaintiff and informed him that his claims were finally processing.

42. On March 10, 2023, Mr. Cunningham finally started paying the delayed claims.

43. Defendants terminated Plaintiff because it resulted in substantial savings for Defendants.

44. Defendants' intent was to interfere with Plaintiff's right to obtain the benefits he would have been entitled to receive under Defendants' benefit plans had he remained employed.

45. As a result, Defendants saved a lot of money.

46. Plaintiff not only lost these benefits, but he lost his job.

47. Defendants benefit plans referenced above are ERISA plans.

48. Defendants did not act in good faith.

49. Defendants' actions were committed with malice.

50. Defendants' actions were willful.

51. Defendants' actions were committed for the purposes of causing Plaintiff harm.

## VI.
## CAUSES OF ACTION

**A.   Cause of Action—Violation of 29 U.S.C. § 1140**

52. Plaintiff incorporates each of the foregoing paragraphs.

53. It is unlawful for Defendants "to discharge, . . . discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provision of an employee benefit plan . . ., or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan . . ." 29 U.S.C. § 1140

54. Defendants terminated Plaintiff for the purpose of interfering with his attainment of pension, bonus, severance, and other employee benefits to which he would have been entitled. Defendants' actions violate Section 510 of ERISA. *See* 29 U.S.C. § 1140.

## VII.
## DAMAGES

55. Plaintiff incorporates each of the foregoing paragraphs.

56. As a result of the above-mentioned actions, Plaintiff seeks the following damages:

   a. Actual damages including, but not limited to, back pay and front pay;

   b. Reinstatement;

   c. Reasonable and necessary attorney's fees;

   d. Court costs;

   e. Pre-judgement and post-judgment interest accruing at the maximum rate allowed by law;

   f. Any and all other damages and/or relief, equitable or otherwise, to which Plaintiff may be entitled under federal or state law.

## VIII.
## ATTORNEYS' FEES AND COSTS

57. Plaintiff incorporates each of the foregoing paragraphs.

58. As a result of Defendants' actions, Plaintiff has had to retain the undersigned attorney and incur reasonable and necessary attorney's fees and expenses.

## IX.
## INTEGRATED ENTERPRISE/
## JOINT EMPLOYER/JOINT AND SEVERAL LIABILITY

59. Defendants are an integrated enterprise.

60. Defendants have interrelated operations, and/or centralized control of labor relations and other employment decisions, and/or common management, and/or common ownership and/or financial control.

61. Defendants jointly exerted authority over Plaintiff's employment and/or had the right to exert authority over Plaintiff's employment.

62. Defendants are joint employers of Plaintiff.

63. Defendants are jointly and severally liable for Plaintiffs' injuries and damages.

## X.
## RESPONDEAT SUPERIOR

64. Plaintiff incorporates each of the foregoing paragraphs.

65. Defendants are liable for the acts and/or omissions of their respective agents, representatives, employees, servants, and officers.

## XI.
## JURY DEMAND

66. Plaintiff incorporates each of the foregoing paragraphs.

67. Plaintiff demands a trial by jury.

## XII.
## CONCLUSION AND PRAYER

68. Plaintiff respectfully requests that Defendants be cited to appear and answer, and that upon final trial of this matter, the Court enter judgment against Defendants, jointly and severally, in an amount within the jurisdictional limits of this Court, which shall include all above mentioned damages and any other relief, at law or in equity, to which Plaintiff may be entitled.

Respectfully submitted,

*/s/ Brittney L. Thompson*
MATTHEW R. SCOTT
Texas Bar No. 00794613
matt@sgtlwagroup.com
JAMIE J. GILMORE
Texas Bar No. 24045262
jamie@sgtlawgroup.com
BRITTNEY L. THOMPSON
Texas Bar No. 24104618
brittney@sgtlawgroup.com
**SCOTT GILMORE THOMPSON PLLC**
Founders Square
900 Jackson Street, Suite 550
Dallas, Texas 75202
214-965-9675 / 214-965-9680 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**